¶ 20.
SHIRLEY S. ABRAHAMSON, J.
(concurring) This is a reciprocal discipline case.[1] It raises the *89 question of what is "identical discipline" in a reciprocal discipline matter.[2]
¶ 21. The Office of Lawyer Regulation seeks revocation of Attorney Peiss's Wisconsin license in the instant case, while the Illinois discipline was "disbarment." The documents filed by the OLR in the instant case, like the documents filed in other reciprocal discipline cases, do not explain the extent to which the other state's discipline (here disbarment) is or is not identical to the Wisconsin discipline of revocation.
¶ 22. This failure on the part of the OLR hampers the work of this court. The per curiam opinion is defective in not equating disbarment and revocation.
¶ 23. I conclude that the OLR should improve its presentation in reciprocal discipline cases by comparing the Wisconsin discipline to be imposed with the discipline imposed in the other state.
¶ 24. For example, my research of Illinois law indicates that disbarment in Illinois amounts to a five-year revocation of the license before the attorney may seek reinstatement. See Illinois Rule 767. Thus, disbarment in Illinois appears to be identical to license revocation in Wisconsin. SCR 22.29(2).
f 25. The OLR has an advantage over a justice or a Supreme Court commissioner in determining Illinois law. In contrast with a justice or court staff—who may not engage in ex parte communications—the OLR may do its own research on other states' laws, may seek assistance from officials in other states, and may submit proof regarding the nature of the other state's discipline. A lawyer challenging the proposed Wisconsin discipline may submit his or her own documentation regarding the imposition of identical discipline.
*90 f 26. If this case were initially a Wisconsin matter, the court in all probability would order restitution to the attorney's victims. The Illinois proceeding did not order restitution. Should Wisconsin nevertheless seek restitution before the Wisconsin license is reinstated?
f 27. The instant case, as well as other reciprocal discipline cases, raise the question of what is identical discipline. I suggest that the OLR Procedure Review Committee (Professor Marsha Mansfield, University of Wisconsin Law School, Reporter), appointed by the court in June 2016, should consider reviewing and revising the Supreme Court Rules governing reciprocal discipline when a lawyer licensed in Wisconsin is disciplined in another state.
f 28. For the reasons set forth, I write separately.
*91 ATTACHMENT A
[[Image here]]
*92 [[Image here]]
*93 [[Image here]]
*94 [[Image here]]
*95 [[Image here]]
*96 [[Image here]]
*97 [[Image here]]
*98 [[Image here]]
*99 [[Image here]]
*100 [[Image here]]
*101 [[Image here]]
*102 [[Image here]]
*103 [[Image here]]
*104 [[Image here]]
*105 [[Image here]]
*106 [[Image here]]
*107 [[Image here]]
*108 [[Image here]]
*109 [[Image here]]
*110 [[Image here]]
*111 [[Image here]]

 1n my dissent in In re Disciplinary Proceedings Against Buzawa, No. 2016AP2351-D, unpublished order (Wis. S. Ct. Apr. 10, 2017; separate writing May 11, 2017), I compared what I view as the correct procedure used in the instant case with what I considered a flawed procedure used in Buzawa to gauge a lawyer's challenge to another state's discipline proceeding. The Buzawa order is attached as Attachment A.

 See SCR 22.22(3).